IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CASSANDRA LOWE,<br>on behalf of Ayana K. Lowe,<br>on behalf of Awan Lowe,<br><br>      Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>      Defendant. | CIVIL ACTION FILE NO.<br><br>1:07-CV-1575-JFK |

## ORDER AND WRITTEN OPINION

Plaintiff in the above-styled case brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of the Social Security Administration which reduced the amount of benefits paid to her children and denied her subsequent request for reconsideration. For the reasons set forth below, the court finds that substantial evidence supports the Commissioner's decision. The court, therefore, **ORDERS** that the Commissioner's decision be **AFFIRMED**.

AO 72A
(Rev.8/82)

## I.     Facts

Plaintiff Cassandra Lowe applied for and received Social Security Child's Insurance Benefits on behalf of her twin children, Ayana K. Lowe and Awan Lowe, on the earnings record of their father, Tyrone Carroll, the deceased wage earner, who died on July 22, 2000. [Record ("R."). at 26]. Avis Moore also obtained Child's Benefits on behalf of her child, Amber R. Carroll, on the earnings record of Mr. Carroll, her father. Julie Kennedy also obtained Child's Benefits on behalf of her nephew, Victor McMillar, on the earnings record of Tyrone Carroll because the Administration found that he was Victor's father.

After the Commissioner notified Plaintiff and Ms. Moore, the mother of Amber Carroll, that benefit payments to Victor would reduce the benefits payable to their children due to a family maximum cap, Plaintiff contested the finding that Victor was the child of Mr. Carroll. [R. at 49, 51, 58, 60]. The Commissioner reconsidered the decision and, in a written determination dated July 21, 2002, concluded that "Victor McMillar was properly entitled to a child's insurance benefit on the earnings record of Tyrone Carroll." [R. at 68-77]. Plaintiff requested a hearing, and one was held before an Administrative Law Judge ("ALJ") on May 14, 2004. [R. at 146-58].

The ALJ issued a written decision on September 23, 2004, finding again that Victor was the child of Mr. Carroll and, therefore, was entitled to Child's Insurance Benefits. [R. at 24-28]. Plaintiff requested review of the ALJ's decision, but the Appeals Council denied this request making the hearing decision the final decision of the Commissioner. [R. at 3-11]. On July 6, 2007, Plaintiff filed the above-styled action in this court seeking review of the final decision. [Doc. 1]. The parties have consented to proceed before the undersigned Magistrate Judge. [Docs. 2, 3].

The ALJ's decision [R. at 24-28] states the relevant facts of this case as modified herein as follows:

The record shows that the wage earner, Tyrone Carroll, who died fully insured on July 22, 2000, left three children who already have been in payment status for Child's Insurance Benefits on his Social Security account: twins Awan K. Lowe and Ayana K. Lowe and Amber B. Carroll. The mother of the twins, Cassandra Lowe, does not contest that Amber is the child of the wage earner but has contended that a fourth child, Victor R. McMillar, is not the wage earner's son. She contests the determination that he is the late Mr. Carroll's son due to the fact that his receipt of benefits has reduced the *pro rata* share of the other three children.

3

In this case, the record includes no evidence that the wage earner ever acknowledged in writing that Victor is his son, and he was never decreed by the court to be the father or ordered by the court to contribute to his support. Thus, it is necessary to look to State law, in this case, that of Georgia, which allows a child to inherit from its father if there is "clear and convincing evidence" that the child is the natural child of the father and that the father intended that the child share in the father's estate.

The only evidence relating to Victor's paternity consists of oral statements made by Mr. Carroll's widow, Gwendolyn Carroll, by Sheila Middlebrook, a friend of Mr. Carroll, and by Juanita McMillar, Victor's mother. Ms. McMillar has signed a statement showing that she acknowledged Tyrone Carroll as the father of Victor, stating that Mr. Carroll had contributed to Victor's support by making cash payments, and confirming that Victor was living with Mr. Carroll at the time of his death.

Gwendolyn Carroll stated that the wage earner admitted to her that Victor was his child and that she had met Victor on several occasions. She indicated that, although she and the wage earner were separated, she knew that Victor was living with the wage earner at the time of his death, and she stated that his family also knew that Victor was her husband's child. (Exhibit 9). Sheila Middlebrook said that she and the

4

wage earner had lived together in her home for almost four years and that he had told her that Victor was his child. She said that Victor came to live with them when school was out for the summer and was with them when his father died. (Exhibit 10).

In written statements (Exhibit 12 & 17), and in her testimony at the hearing, Ms. Lowe stated that the wage earner never acknowledged to her that Victor was his child and, in fact, had said he was not.

Additional facts will be set forth as necessary during discussion of Plaintiff's arguments.

## II.   Standard of Review

The district court reviews "the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards." Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003) (quoting Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Lewis, 125 F.3d at 1439. "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). "We

5

may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

### III.    Discussion

The only issue the court must determine is whether substantial evidence supports the ALJ's finding that Victor McMillar is the child of Tyrone Carroll, the deceased wage earner, and, thus, entitled to Child's Insurance Benefits. The Social Security Act states that insurance benefits are to be awarded to the minor children of deceased individuals who are fully insured. 42 U.S.C. § 402(d). The Act provides, "In determining whether an applicant is the child . . . of a fully or currently insured individual for purposes of this subchapter, the Commissioner of Social Security shall apply such law as would be applied in determining the devolution of intestate personal property . . . by the courts of the State in which he was domiciled at the time of his death." 42 U.S.C. § 416(h)(2)(A). Because Mr. Carroll was fully insured and was domiciled in the state of Georgia at the time of his death, the ALJ correctly applied Georgia law to this case. [R. at 26].

6

The Georgia intestacy statute provides that a child born out of wedlock may inherit from or through the child's father if: (1) "a court of competent jurisdiction has entered an order declaring the child to be legitimate" or otherwise establishing paternity; (2) "the father has executed a sworn statement signed by him attesting to the parent-child relationship;" (3) "the father has signed the birth certificate of the child;" or (4) "there is other clear and convincing evidence that the child is the child of the father." O.C.G.A. 53-2-3(2)(A). Because there is no relevant court order, signed statement, or birth certificate signature, the ALJ was required to determine whether there is clear and convincing evidence that Victor McMillar is the child of Tyrone Carroll. "'[C]lear and convincing evidence' is an intermediate standard of proof, greater than 'the preponderance of evidence,' but less than the 'beyond a reasonable doubt' standard applicable in criminal cases." Clarke v. Cotton, 263 Ga. 861, 440 S.E.2d 165, 166 (1994). The ALJ found that "the requisite 'clear and convincing evidence' is present in this case and that Victor is shown to be the son of the wage earner." [R. at 27]. The court concludes that substantial evidence supports the ALJ's decision.

In support of his finding that Tyrone Carroll is the father of Victor, the ALJ cited to statements made by Gwendolyn Carroll (Mr. Carroll's widow), by Sheila

7

Middlebrook (Mr. Carroll's girlfriend), and by Juanita McMillar (Victor's mother). [R. at 27]. All three women completed statements saying that Mr. Carroll acknowledged being Victor's father. [R. at 52, 54, 57]. Plaintiff Cassandra Lowe, on the other hand, stated that Mr. Carroll denied being Victor's father. [R. at 62]. Given the conflicting testimony, the ALJ was forced to make determinations about the trustworthiness of the various statements and the witnesses' credibility in order to decide whether the "clear and convincing" standard was met. In Youmans v. Ormandy, 206 Ga. App. 255, 424 S.E.2d 828 (1992), the Georgia Court of Appeals held that in determining witnesses' credibility and the trustworthiness of alleged statements about paternity made by a person now deceased, courts may look to factors such as the pecuniary interests of the decedent and the witnesses, and whether more than one witness heard the decedent state that he was the father of the child.

Of the four declarants in this case who contend hearing Mr. Carroll make a statement about his relationship to Victor, two of them, Plaintiff Cassandra Lowe and Juanita McMillar, have a pecuniary interest in the issue. As noted *supra*, Plaintiff Cassandra Lowe stated that Mr. Carroll denied being Victor's father. [R. at 62]. Plaintiff also testified at the hearing, "Tyrone's mother even told me that Tyrone told him that that wasn't his child." [R. at 157]. Plaintiff Lowe has an interest in claiming

8

that Victor is not Mr. Carroll's son because a contrary finding reduced the benefits payable to her children due to a family maximum cap.  Juanita McMillar, Victor's mother, asserted in a written statement that "Tyrone Carroll is the father or our child Victor Rashad McMillar."  [R. at 52].  Ms. McMillar also stated that she "never took Tyrone to court for child support" but that he gave her "money, in cash, for Victor's support."  [R. at 52].  Ms. McMillar wrote, "Tyrone was living with his girlfriend, Sheila Middlebrook, who also knows that Victor is Tyrone's child.  Victor was staying in their home at the time of Tyrone's death."  [R. at 52].  Ms. McMillar has an interest in asserting that Victor is Mr. Carroll's son because it would result in benefits payable to her child.

If these two witnesses were the only sources of testimony on the issue of paternity, then perhaps the court would conclude that the conflicting and self-serving statements essentially canceled each other out and that there was no clear and convincing evidence that Victor McMillar is the child of Tyrone Carroll.  However, the court agrees with the ALJ that when the statements made by Gwendolyn Carroll and Sheila Middlebrook are also taken into consideration, the requisite evidentiary standard is met.  [R. at 27].  Ms. Middlebrook, Mr. Carroll's girlfriend, completed a written statement in which she asserted that Mr. Carroll told her that Victor was his

9

child. [R. at 57]. Ms. Middlebrook stated that she and Mr. Carroll had lived together in her home for almost four years and that "Victor came to stay with us for the summer and was with us at the time his father died." [R. at 57]. Ms. Carroll, the widow of Tyrone Carroll, completed a written statement submitted to the Social Security Administration in which she asserted that Mr. Carroll told her that Victor was his child. [R. at 54]. Ms. Carroll also wrote, "I have met Victor on several occasions and know him well." [R. at 54]. Ms. Carroll stated that she and Mr. Carroll "were living apart at the time of his death," and she confirmed Ms. Middlebrook's statement that Victor and Mr. Carroll were together at the time of Mr. Carroll's death. [R. at 54].

Ms. Middlebrook, Ms. Carroll and Ms. McMillar have all submitted statements asserting that they knew that Victor was Mr. Carroll's child. [R. at 52, 54, 57]. All three women also stated that Victor was staying with Mr. Carroll at the time of his death in the summer of 2000. [R. at 26, 52, 54, 57]. Given the facts of this case, the ALJ was correct in finding that these statements constituted clear and convincing evidence that Victor is the child of Mr. Carroll. In re Estate of Slaughter, 246 Ga. App. 314, 315, 540 S.E.2d 269, 271 (2000) (holding that the "clear and convincing evidence" standard was met when three witnesses testified that the decedent acknowledged the petitioner as his biological child). As the Commissioner correctly

10

notes, Plaintiff has offered no explanation as to how Mr. Carroll would even know Victor, much less have him visit during the summer, were he not Victor's father. [Doc. 9 at 10]. Moreover, as the ALJ wrote in his decision:

> [Plaintiff] has not come forward with evidence to show why her own version of the matter should be found to be more accurate than those of the other individuals who have provided information. If anything, it would appear that her version of the facts is more remote, since she had the twins with Mr. Carroll in 1987 and the other children were not born until 1992 (Victor) and 1993 (Amber). It is not clear how she would have accurate information regarding the paternity of children born long after her relationship with the wage earner presumably had ended.

[R. at 27].

Plaintiff claims to know that Mr. Carroll is not the father of Victor. However, Plaintiff acknowledged at the administrative hearing that she knew very little about Mr. Carroll's relationships with other women, his other children and their families. [R. at 153-54]. Given Plaintiff's lack of knowledge and the remoteness of her relationship with Mr. Carroll compared to those of the other witnesses, the court finds that substantial evidence supports the ALJ's conclusion that the other individuals' testimony is more trustworthy than Plaintiff's. As a result, the court must affirm the ALJ's finding that clear and convincing evidence establishes that Victor is the child

11

of Mr. Carroll. Victor McMillar was properly entitled to Social Security Child's Insurance Benefits on the earnings record of Tyrone Carroll.

**IV.  Conclusion**

For all the foregoing reasons and cited authority, the undersigned **ORDERS** that the Commissioner's decision be **AFFIRMED**. See Melkonyan v. Sullivan, 501 U.S. 89, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991).

**SO ORDERED**, this 26th day of March, 2008.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE